UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GORSS MOTELS, INC.**, a Connecticut corporation, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>  v.<br><br>**SUNBEAM PRODUCTS, INC.**, a Delaware corporation, and **SYSCO GUEST SUPPLY, LLC**, a Delaware limited liability company,<br><br>    Defendants. | Case No. 3:17-cv-00969<br><br>The Hon. Vanessa L. Bryant |

**BRIEF IN SUPPORT OF DEFENDANT SUNBEAM PRODUCTS, INC.'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Sunbeam Products, Inc. ("Sunbeam") respectfully moves to dismiss Plaintiff Gorss Motels, Inc.'s claims for failure to state a claim upon which relief can be granted.

Plaintiff Gorss Motels, Inc. ("Plaintiff") filed this putative nationwide class action against Sunbeam and Sysco Guest Supply, LLC ("Sysco"), alleging that Sunbeam and Sysco violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Specifically, Plaintiff claims that the Defendants sent Plaintiff an unauthorized advertisement via fax in April 2015 (the "Fax"). Plaintiff fails to plead any facts demonstrating that Sunbeam was the "sender" of the Fax—a required element under the TCPA to establish liability.

The Second Amended Class Action Complaint does not allege that Sunbeam physically sent the Fax; that Sunbeam requested, authorized, or

1

Oral Argument Not Requested

approved the Fax; or that Sunbeam even knew that the Fax existed before Plaintiff served Sunbeam with its Amended Complaint in June 2017. The theory of liability that Plaintiff puts forward in its Second Amended Complaint—that Sunbeam should be strictly liable for violating the TCPA because its products are mentioned in an unauthorized fax—has been rejected by other federal courts who have appropriately deemed it an "absurd" approach to determining TCPA liability. Plaintiff cannot amend the Second Amended Complaint to cure these deficiencies. For these reasons, Sunbeam respectfully requests that this Court dismiss Plaintiff's claims against Sunbeam with prejudice.

## PROCEDURAL HISTORY

Plaintiff filed the initial Complaint against "Sunbeam Consumer Products, Inc.," on June 13, 2017. Docket 1. Plaintiff amended its Complaint on June 19, naming "Sunbeam Products, Inc." as the Defendant. Docket 11. On August 23, Plaintiff filed an unopposed motion for leave to file a Second Amended Complaint ("SAC"). The SAC, which is the operative Complaint for this Motion to Dismiss, was filed on August 24. Docket 19.

## THE RELEVANT FACTS ALLEGED IN PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff claims that the "Defendants" violated the TCPA by sending an unauthorized advertisement via fax to the Plaintiff and a purported class in April 2015, and that the Defendants "[u]pon information and belief" have sent other, unspecified faxes in violation of the TCPA to the Plaintiff and class. SAC ¶¶ 2, 13, 40. Attached to the SAC as Exhibit A is the Fax, which Plaintiff claims is an unsolicited fax sent by the Defendants in April 2015. *Id.* at ¶ 13, Ex. A.

Plaintiff alleges that the Fax contains the names "Sunbeam Hospitality" and "Sunbeam Products, Inc. doing business as Jarden Consumer Solutions." *Id.* at ¶¶ 14, 18-19. The Fax also states "Good things come from Sysco Guest Supply." *Id.* at ¶ 15. Plaintiff alleges the Fax "advertises the commercial availability of Defendants' products, goods, or services, specifically Sunbeam showerheads and 'Mr. Coffee' machines that are sold by Sysco." *Id.* at ¶ 16. Plaintiff claims that the "Defendants" receive some or all of the revenues, profit, and benefit from the sale of the "products, goods and services advertised on Exhibit A." *Id.* at ¶ 20.

Plaintiff, reciting 47 C.F.R. § 64.1200(f)(10), asserts that the "Defendants are 'senders' of the Fax in that Defendants are the persons or entities on whose behalf the Fax was sent or whose property, goods, or services are advertised or promoted in the Fax." *Id.* at ¶ 39. The SAC does not allege any specific facts to demonstrate that the Fax was physically sent by Sunbeam, that the Fax was sent on Sunbeam's behalf or at Sunbeam's direction, or that the Fax "advertises or promotes" Sunbeam's property, goods, or services as defined by the TCPA and pertinent regulations thereto.

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A formulaic recitation of the elements of a cause of action will not do," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint under Rule 12(b)(6) where plaintiff "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"). A plaintiff cannot rely on a claim that discovery will reveal facts sufficient to state a claim against a defendant where those facts are not properly alleged in the complaint. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## ARGUMENT

**The Second Amended Complaint Fails to Plausibly Allege that Sunbeam Violated the TCPA and Should be Dismissed.**

*(a) Plaintiff fails to state a claim under the TCPA because it does not plausibly allege that Sunbeam was the "sender" of improper faxes.*

The SAC does not plead sufficient facts to plausibly conclude that Sunbeam violated the TCPA as the "sender" of the allegedly unauthorized Fax.[1] In Count I, Plaintiff, quoting the relevant portion of the TCPA, states that "Defendants used a telephone facsimile machine, computer, or other device to send an unsolicited facsimile to Plaintiff." SAC ¶¶ 13, 38; *see* 47 § U.S.C. 227(b)(1)(C). Then, quoting the relevant regulations, Plaintiff concludes that Sunbeam was the "sender" of the Fax because, "Defendants are the persons or entities on whose behalf the Fax was sent or whose property, goods, or services are advertised or promoted in the fax." SAC ¶ 39; *see* 47 C.F.R. § 64.1200(f)(10). Plaintiff also asserts that the "Defendants" sent other allegedly unauthorized faxes, though the SAC does not identify when those faxes were sent, who sent the faxes, or whether they were in fact unauthorized. SAC ¶ 40.

These allegations simply do not state a viable claim against Sunbeam under *Twombly* and *Iqbal*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. To state a sufficient claim, Plaintiff must plead facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's

---

[1] **In arguing that the SAC should be dismissed for failure to state a claim, Sunbeam does not waive any affirmative defenses or arguments not raised in this Memorandum.**

5

allegations in the SAC that Sunbeam was the "sender" of the Fax, or the other, unidentified faxes, are "threadbare recitals" of a TCPA violation and are legal conclusions. *Iqbal*, 556 U.S. at 678-79. (Fed. R. Civ. P. 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). The SAC does not contain any factual allegations against Sunbeam that raise Plaintiff's claims that Sunbeam sent any fax above "the speculative level," warranting relief. *Twombly*, 550 U.S. at 555. Regarding the April 2015 Fax, Plaintiff did not—and cannot—provide sufficient factual support for its claim that Sunbeam was the "sender," because Plaintiff knows that Sunbeam did not send the Fax, Sunbeam was not aware of the Fax being sent, and that the line printed across the top of the Fax shows that it came from an entity affiliated with Sysco, not Sunbeam. [2]

Plaintiff's claims that Sunbeam is the "sender" rests on the mere fact that "Sunbeam Products, Inc." is contained in the Fax, and its conclusory allegation that "Defendants" receive revenues and profits from the sale of products, goods, and services mentioned in the Fax. SAC ¶¶ 14, 18-20. This theory of Sunbeam's liability contradicts the plain meaning, and presumptive statutory meaning, of the word "send" as used in 47 U.S.C. § 227. Sunbeam did not *send* the faxes because—based on the allegations in the SAC—Sunbeam did not *do* anything to cause them to be sent. Federal circuit courts have appropriately construed the

---

[2] After Plaintiff served Sunbeam with the Amended Complaint, Sunbeam provided Plaintiff with a sworn affidavit attesting that Sunbeam did not send the Fax and had no knowledge of the Fax being sent. A line printed across the top of the Fax shows that it came from an entity affiliated with Sysco, not Sunbeam. Sunbeam does not recite these facts as a basis for this Motion to Dismiss, but instead brings them to the Court's attention to show that the deficiencies in the SAC cannot be cured by way of further amendment.

FCC's definition of "sender" to avoid imposing liability on parties who are in no way responsible for improper faxes. *See Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 825 F.3d 793, 797 (7th Cir. 2016) ("[T]o be liable as a sender, a person must have *done* something to advertise goods or services.") (emphasis added); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1257 (11th Cir. 2015) (FCC's definition of "sender" is "permissible" because it "place[s] liability at the source of the offending behavior").

 Additionally, throughout the SAC, Plaintiff lumps Sunbeam and Sysco together when identifying the "sender" of the faxes. The Second Circuit has recognized that "lumping" defendants together under a claim does not satisfy Federal Rule of Civil Procedure 8(a), because doing so deprives defendants of fair notice of the grounds supporting the plaintiff's claims, and a basis to factually distinguish their conduct. *Atuahene*, 10 F. App'x at 34. In *Atuahene*, the plaintiff's second amended complaint "fail[ed] to identify which defendants were alleged to be responsible for which alleged violations," and earlier versions of the complaint "failed to identify any factual basis for the legal claims made." *Id*. The court stated that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," the plaintiff's complaint failed to satisfy the "minimum standard" required of plaintiffs under Rule 8. *Id*. The court affirmed that dismissal was appropriate under such circumstances. *Id*.

 Here, Plaintiff has had three opportunities in its initial and amended complaints to allege the particular factual grounds supporting its claims against each Defendant, and has failed three times to do so. As a result, Sunbeam has

been deprived of fair notice regarding the grounds for Plaintiff's claim against it

and has been unable to factually distinguish its conduct from Plaintiff's

conclusory allegations. As in *Atuahene*, dismissal is warranted here.

   (b) *Plaintiff's theory that Sunbeam should be liable for violating the TCPA because its name and products appear in the Fax, without alleging that Sunbeam affirmatively acted to advertise itself in the Fax, is untenable.*

The SAC fails to allege any facts indicating that Sunbeam took any steps to

advertise its goods in any allegedly unauthorized fax, and does not advance any

claims that Sunbeam authorized an agent to send advertisements via fax on its

behalf. Instead, the Plaintiff proceeds on a theory of liability that, because

Sunbeam is mentioned in the Fax, its goods are "advertised or promoted in the

unsolicited advertisement," and it should be held strictly liable for allegedly

violating the TCPA. Though there is no directly applicable Second Circuit

precedent on this issue, several federal courts have rejected this theory of

liability, noting that applying such an approach leads to "absurd" results. *See

Paldo*, 825 F.3d at 797; *Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935,

938 (7th Cir.), *cert. denied*, 137 S. Ct. 200 (2016); *Health One Med. Ctr., Eastpointe,

P.L.L.C. v. Bristol-Myers Squibb Co.*, No. 16-CV-13815, 2017 WL 3017521 (E.D.

Mich. July 17, 2017); *Comprehensive Healthcare Sys. of Palm Beaches, Inc. v.

Vitaminerals VM/Orthopedics, Ltd.*, No. 16-CV-2183, 2017 WL 27263, at *5 (N.D.

Ohio Jan. 3, 2017) (addressing the plaintiff's contention that "TCPA liability . . .

automatically attach[es] to any manufacturer . . . of any product promoted in an

improperly sent fax advertisement," and concluding that "[t]he history and the

language of the TCPA and the pertinent regulations do not create such liability;

nor does binding case law or common sense"); *Bias Yaakov v. Varitronics, LLC*,

8

No. 14-5008 ADM/FLN, 2015 WL 1529279, at *4 (D. Minn. Apr. 3, 2015) ("Concluding that a person or an entity is *per se* a 'sender' under the TCPA merely because . . . an offending fax promotes their 'goods or services' would subject parties to TCPA liability that had no involvement whatsoever in transmitting a fax advertisement"); *Cin-Q Auto, Inc. v. Buccaneers Ltd. P'ship*, No. 8:13-cv-01592-AEP, 2014 WL 7224943 (M.D. Fla. Dec. 17, 2014).[3]

To read the FCC's definition of "sender" to extend strict liability to any entity whose goods or services are mentioned in a fax ignores the underlying reason why the FCC modified the definition of "sender" in 2006, which was to shield third-party "broadcasters" of faxes from TCPA liability. In 2006, the FCC clarified the definition of "sender" to "distinguish between the business on whose behalf the fax is sent and a vendor who does nothing more than transmit a fax." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 & Improper Fax Prevention Act of 2005*, 21 FCC Rcd. 3787, ¶ 39 & n. 141 (2006). The FCC's definition was intended to clarify that strict, "direct

---

[3] Several courts have determined that a "sender" includes any entity whose products or services are mentioned in an unsolicited fax, without consideration of whether the entity sent or authorized the fax. *See Siding & Insulation Co. v. Alco Vending, Inc.*, 822 F.3d 886, 891 (6th Cir. 2016) (acknowledging "strict liability" standard for senders whose products are mentioned in a fax, but not applying that standard based the on underlying facts of the case); *Imhoff Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634 (6th Cir. 2015); *see also JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 218 F. Supp. 3d 1335, 1342 (M.D. Fla. 2016) (noting that the Eleventh Circuit in *Palm Beach*, did "not expressly reject[] the strict definition of 'sender' articulated in the 2006 Regulations" and concluding that an entity was a "sender" because a fax advertised the defendants' products). Those opinions are at odds with the authorities cited above because they fail to address the obvious problem, and fundamental unfairness, of exposing entirely innocent parties to liability merely because a product or company name appears in an advertisement faxed by a separate entity.

liability" under the TCPA attaches to the "sender of a fax" and not "the broadcaster of a fax." *Imhoff*, 792 F.3d at 634 n.4. By defining "sender" to include the person "whose goods or services are advertised or promoted," the FCC intended its definition to shield vendors from liability for merely transmitting faxes at the direction of the true advertiser. It did not intend to expand liability to include product manufacturers who played no role in sending faxes advertising or promoting their products.

Interpreting the definition of "sender" and the scope of liability to include manufacturers whose goods were mentioned in a fax that they not send, did not provide authority to send, or did not know about, leads to absurd results. The court in *Comprehensive Healthcare* explained that such an approach could result in "sabotage liability":

> [I]t would allow a rabid Tampa Bay Buccaneers fan . . . to trigger *per se* liability for the organization under the TCPA by gratuitously, and without directive from or notice to the organization, promoting season ticket sales via fax. The same would be true of a random individual in Boston, mind brewing with *scienter*, who works to implicate the New York Yankees by advertising their season tickets.[] Universal liability for complete inaction was not contemplated by Congress in passing the TCPA and does not appear to have been contemplated by the FCC in crafting and interpreting its regulations.

2017 WL 27263, at *5 (quoting *Cin-Q Auto*, 2014 WL 7224943, at *6). Accordingly, the definition of "sender" cannot reasonably be read to extend liability to manufacturers who had no involvement in sending an unauthorized fax. Plaintiff's reliance on an unreasonable interpretation of the TCPA, which has already been rejected by several federal courts, does not save the day here.

The SAC fails to allege that Sunbeam itself sent the Fax to advertise its products, that Sunbeam authorized an agent to send the Fax on its behalf, or that Sunbeam even knew about the Fax before it was served with the Amended Complaint. Indeed, Plaintiff cannot plausibly allege such claims because it knows that Sunbeam was not involved at all in the sending of the Fax. Because Plaintiff cannot cure these deficiencies by amending the SAC, Sunbeam respectfully requests that this Court dismiss all claims in Plaintiff's Second Amended Complaint against Sunbeam with prejudice.

## CONCLUSION

For these reasons, Sunbeam respectfully requests that this Court dismiss the claims in Plaintiff's Second Amended Complaint against Sunbeam with prejudice.

Dated:  October 2, 2017

Respectfully submitted,
DEFENDANT
SUNBEAM PRODUCTS, INC.

By:  /s/ Joseph J. Krasovec III

   Joseph J. Krasovec III (phv09263)
   Christopher A. Nelson (phv09264)
   SCHIFF HARDIN LLP
   233 S. Wacker Drive, Suite 7100
   Chicago, Illinois 60606
   Telephone:  (312) 258-5500
   Facsimile:  (312) 258-5600
   Email:  jkrasovec@schiffhardin.com
   Email: cnelson@schiffhardin.com

By:  /s/ Sean M. Fisher

   David R. Schaefer (ct04334)
   Sean M. Fisher (ct23087)
   BRENNER, SALTZMAN &
   WALLMAN LLP
   271 Whitney Avenue
   New Haven, Connecticut 06511
   Telephone:  (203) 772-2600
   Facsimile:  (203) 562-2098
   Email:  dschaefer@bswlaw.com
   Email:  sfisher@bswlaw.com

   *Counsel for Defendant Sunbeam Products, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2017, a copy of the forgoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's CM/ECF system.

By: /s/ Christopher A. Nelson