UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GORSS MOTELS, INC. | : | |
|     Plaintiff, | : | |
| | : | Civil No.: 3:17-cv-0969 (VLB) |
| v. | : | |
| | : | |
| SUNBEAM CONSUMER PRODUCTS, | : | |
| AND SYSCO GUEST SUPPLY, LLC, | : | May 11, 2018 |
|     Defendants. | : | |

**MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO
<u>DISMISS THE SECOND AMENDED COMPLAINT</u>**

    **I.**    **Introduction**

Before the Court is a Motion to Dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Sunbeam Products, Inc. ("Sunbeam"). The Second Amended Complaint asserts Defendants Sunbeam and Sysco Guest Supply, LLC ("Sysco") (together "Defendants") violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA" or the "Act") by sending Plaintiff an unsolicited advertisement via facsimile. The Motion to Dismiss challenges the one-count Complaint for failure to assert facts upon which Sunbeam might be held liable under the TCPA. For the reasons discussed below, Sunbeam's Motion is DENIED.

    **II.**    **Factual Background**

The facts alleged in the Second Amended Complaint ("SAC") are taken as true and construed in the light most favorable to Plaintiff for the purpose of a motion to dismiss. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

1

On or about April 2015, Defendants used a telephone facsimile ("fax") machine, computer, or other device to send an unsolicited fax. [Dkt. 19 (SAC) at ¶ 13.] The fax, a copy of which is attached to the SAC,[1] bears a logo at the top reading "Sunbeam Hospitality." [Dkt. 19-1 (Fax).] The fax features images of Mr. Coffee coffee makers and Sunbeam shower heads, advertising "buy four get one free." *Id*. The fax also bears a logo reading "Wyndham Hotel Group." *Id*. At the bottom of the page is another logo reading "Sunbeam Hospitality, Together we'll make your day." *Id*. That logo appears next to a short form to submit to redeem the advertised offer for coffee makers or shower heads, with spaces to provide the hotel name, address, phone number, and email address of the recipient. *Id*. The fax instructs the recipient to send the completed form, along with a "copy of an invoice from an authorized Sunbeam Hospitality Distributor to: Sunbeam Hospitality Customer Service . . ." *Id*. In small font at the bottom of the page, the fax also states:

> All products and services are manufactured and/or provided by Sunbeam Hospitality and not by Wyndham Worldwide Corporation (WWC), or its affiliates. Neither WWC nor its affiliates are responsible for the accuracy or completeness of any statements made by this advertisement, the content of this advertisement (including the text, representations and illustrations) or any material on a website to which the advertisement provides a [number] or a reference. Please refer to the applicable brand specifications for your property prior to purchasing products.

---

[1] Plaintiff attached the fax advertisement it received to its Amended Complaint. The Court may consider these advertisements because they were referenced in Plaintiff's Amended Complaint and are central to its claims. *See Bassett*, 528 F.3d at 430.

*Id.* The fax also states "© Sunbeam Products, Inc. doing business as Jarden Consumer Solutions. All rights reserved." *Id.* Plaintiff asserts the fax does not display an opt-out notice as required by 47 C.F.R. § 64.1200.

Plaintiff asserts that, on "information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A." SAC at ¶ 20. Plaintiff did invite or give permission to Defendants to send the fax. *Id.* at ¶ 21.

Plaintiff also asserts that, on "information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and at least 40 other recipients, or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission and without having an established business relationship (EBR) as defined by the TCPA and its regulations." *Id.* at ¶ 22.

Plaintiff asserts the unsolicited fax harmed Plaintiff and other recipients by consuming paper and toner, using telephone lines and fax machines, requiring employees to expend time receiving, reviewing, and routing the unauthorized faxes, and "interrupt[ing]" their "privacy interests in being left alone." *Id.* at ¶ 44.

### III. Legal Standard

To survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

### IV. Discussion

Sunbeam moves to dismiss the one-count Second Amended Complaint against it for failure to allege that Sunbeam was the sender of the fax. [Dkt. 32-1 (Mem. in Supp. of Mot. to Dismiss) at 5.] Sunbeam asserts that, while the fax advertises Sunbeam's products, Plaintiff has not alleged that Sunbeam or its authorized agent actually transmitted the fax and thus has not sufficiently alleged that Sunbeam is liable as a "sender" under the TCPA. Plaintiff responds that the SAC contains ample allegations supporting its claim that Sunbeam sent the fax,

and asserts the TCPA does not require that a "sender" have actually transmitted the advertisement in question. [Dkt. 46 (Opp. to Mot. to Dismiss) at 2.]

The TCPA prohibits sending an unsolicited fax advertisement unless (1) the sender and recipient have an established business relationship, (2) the recipient voluntarily made its fax number available through specified means, or (3) the fax ad contained a statutorily compliant notice. 47 U.S.C. § 227(b)(1)(C). In 2006, the FCC promulgated regulations relating to the TCPA which define the "sender" of a fax advertisement as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent *or whose goods or services are advertised or promoted* in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10) (emphasis added).

In 2008, the FCC released an Order affirming that the "person or entity whose services are advertised or promoted in the advertisement" is the "sender." *In the Matter of Rules & Regs. Implementing the Telephone Consumer Protection Act,* 23 F.C.C.R. 15059 at n.49 (2008) ("2008 Order"). The FCC also noted that in "many cases, the facsimile 'sender' will not be the same party that actually transmits the facsimile to the recipient." *Id.* at n.60.

Only one other court other within the Second Circuit has had occasion to address the definition of the term "sender" under the TCPA. In *Gorss Motels, Inc. v. AT&T Mobility LLC,* 3:17-cv-403, 2018 WL 1236131, at *2 (D. Conn. Mar. 15, 2018) In that case, my colleague quoted the regulation noting that there are "two ways in which a person or entity may qualify as a sender. First, the term sender 'means the person or entity on whose behalf a facsimile unsolicited is sent. . . .

5

Second, the fax sender may be defined as the person or entity 'whose goods or services are advertised or promoted in the unsolicited advertisement.'" *Id.* at *2. In that case however, the defendant conceded that it qualified as a "sender" because its product was advertised in the fax.

Sunbeam asserts the reference to its products in the fax is not sufficient to render Sunbeam liable as a "sender," because the SAC does not also allege that Sunbeam or its authorized agent actually sent the fax. Such a requirement would ignore the disjunctive "or," establishing two alternative bases for qualifying as a sender in the FCC's definition, as well as the FCC's affirmance two years later that an entity may be considered a "sender" if its products are advertised in the fax even it did not actually transmit the fax. 47 C.F.R. § 64.1200(f)(10); 2008 Order at n.49, 60. Courts outside this Circuit have applied the same interpretation. *See, e.g., Imhoff Investments, LLC v. Alfoccino, Inc.*, 792 F.3d 627, 637 (6th Cir. 2015) (on appeal from grant of summary judgment, stating the "FCC regulations are explicit that the party whose goods or services are advertised . . . is the sender"); *Senior Care Grp., Inc. v. Red Parrot Dist., Inc.*, 8:17-cv-760-T-27TGW, 2017 WL 3288288, at *2 (M.D. Fla. Aug. 1, 2017) (relying on the "or" language of the TCPA itself as well as the FCC's 2008 Order to deny a motion to dismiss where the complaint attached a copy of the fax in question, and the fax prominently displayed the defendant's name, goods and services offered, and its contact information); *Arkin v. Innocutis Holdings, LLC*, 188 F. Supp. 3d 1304, 1309-10 (M.D. Fla. 2016) (holding that a "sender" is an entity on whose behalf a fax is sent or an entity whose goods or services are advertised in a fax, and that either

allegation is sufficient to survive a motion to dismiss); *JWD Automotive, Inc. v. DJM Advisory Grp., LLC*, 218 F. Supp. 3d 1335, 1341 (M.D. Fla. 2016) (on motion to dismiss, holding that requiring a plaintiff to allege that a fax was sent "on behalf of" a defendant even though the fax advertised the defendant's products would disregard the "or" language in the regulatory definition of "sender").

Further, although Sunbeam attempts to characterize this as a case where the only evidence supporting liability is the fact that Sunbeam's products are featured in the fax, the fax also instructs recipients to contact Sunbeam to redeem the advertised offer. Courts in other circuits have found similar facts sufficient to establish sender liability, some of which Sunbeam cites in its own Motion. *See, e.g.*, *Senior Care Grp., Inc.*, 2017 WL 3288288, at *2; *Health One Med. Ctr., Eastpointe, PLCC v. Bristol-Myers Squibb Co.*, No. 16-cv-13815, 2017 WL 3017521, at *2 (E.D. Mich. July 17, 2017) (on a motion to dismiss, identifying the product seller as the entity listed as the point of contact for redeeming the advertised offer, and whose products were advertised); *Comprehensive Healthcare Sys. of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, Ltd.*, No. 16-cv-2183, 2017 WL 27263, at *5 (N.D. Ohio Jan. 3, 2017) (same); *Arkin*, 188 F. Supp. 3d at 1309 (denying motion to dismiss as to defendant whose products were advertised in the fax and whose contact information was provided in the fax); *JWD Automotive, Inc.*, LLC, 218 F. Supp. 3d at 1341 (denying motion to dismiss where the complaint alleged the fax in question advertised life insurance products underwritten by the defendants).

Sunbeam cites certain courts which did not find that a defendant whose products were advertised in the subject fax was a sender. However, in those cases, the entity which transmitted the offending fax was a fax broadcaster and evidence suggested the broadcaster sent more or different faxes than the defendant authorized. *See, e.g., Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 937 (7th Cir. 2016) (on appeal from summary judgment decision, finding that defendant did not grant the fax broadcaster authority to send 5,000 faxes on its behalf to recipients in a broad geographical area, and that accordingly defendant was not the "sender" of those faxes). The FCC has noted the unique nature of fax broadcasters within the realm of TCPA liability. *See* 2008 Order at n.49 (explaining circumstances under which a fax broadcaster might be liable for advertising another company's goods). Plaintiff has not alleged that Sunbeam hired a fax broadcaster to distribute faxed advertisements on its behalf, and these cases are inapposite.

Finally, the decisions relied upon by the Defendant are inapposite because they were rendered on a summary judgment motion based upon the underlying facts presented. That is not the posture of this case. This case is before the Court on a motion to dismiss where the question for the Court is not whether there is an issue of fact for the jury, but rather whether the facts alleged in the Complaint, assumed as true, establish a valid claim.

The Court holds the plain language of the FCC's regulation defines the term "sender" to mean one on whose behalf the fax is sent or alternatively one whose goods or services are advertised in the fax. Taking the allegations of the

**SAC and incorporated document as true and construing them in the light most favorable to the Plaintiff, the SAC sufficiently alleges that Sunbeam is a sender of the fax in question as that term is clearly defined by the regulation promulgated under the TCPA.**

**V.    Conclusion**

**For the foregoing reasons, Sunbeam's Motion to Dismiss is DENIED. IT IS SO ORDERED.**

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: May 11, 2018**