UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GORSS MOTELS, INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:17-cv-00969-VLB |
| v. | ) ) | |
| SYSCO GUEST SUPPLY, LLC, Delaware limited liability company | ) ) ) | |
| Defendant. | ) | AUGUST 28, 2018 |

## DEFENDANT SYSCO GUEST SUPPLY, LLC'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12, D. Conn. L. Civ. R. 7, and this Court's inherent authority, Defendant Sysco Guest Supply, LLC ("Sysco") respectfully moves to dismiss this duplicative, second-filed putative class action with prejudice.

The present action ("Sysco II"), which originally was brought against only Sunbeam Consumer Products, Inc., must be dismissed because it now is entirely duplicative of an earlier-filed putative class action against Sysco pending before this Court.  *See generally* Complaint [D.E. 1], Case No. 3:16-cv-01911-VLB (D. Conn.) ("Sysco I").  If charitably viewed, Plaintiff Gorss Motels, Inc. ("Gorss") may at one time have had at a least a marginal justification for filing two separate actions involving fax advertisements allegedly disseminated by Sysco.  Over time, however, the façade of reasonableness has been stripped away.  Indeed, Sunbeam has now been dismissed from the present action and recent events

1

have established that Plaintiff views this case merely as an opportunity to obtain discovery that it did not bother to pursue in the first action.   Plaintiff's gamesmanship should not be permitted.

Sysco II has now morphed into a mere facsimile of Sysco I.   Gorss and Sysco are the only parties in each action.   Both actions seek redress for alleged violations of the TCPA.   Gorss seeks discovery in both actions related to *all* fax advertisements disseminated by Sysco during the relevant time period.   Gorss seeks in both actions to represent a class of *all* persons who received *any* fax advertisement sent by Sysco during the relevant time period.   The only discernable difference between the two cases at this point is that discovery in Sysco I closed on December 31, 2017 [Sysco I D.E. 29], while discovery in Sysco II does not close until November 15, 2018 [Sysco II D.E. 49].

This Court has the inherent authority to manage its cases and to control the disposition of causes on its docket.   This authority includes the "power to dismiss a duplicative lawsuit, which is meant to foster judicial economy and the comprehensive disposition of litigation - the general principle is to avoid duplicative litigation.   The Court should use its authority to dismiss Sysco II.

The Sysco II action should be dismissed on three independent bases: First, the Sysco II action should be dismissed under the "First-to-File Rule," which generally provides that where there are two competing lawsuits, the first suit should have priority. Indeed, application of the "first-to-file" rule enables more efficient conduct of pretrial discovery, saves witnesses time and money, and avoids duplicative litigation and inconsistent results, thereby eliminating

unnecessary expense to the parties while at the same time serving the public interest.   "Simple dismissal is a common disposition of a second-filed, duplicative suit, as plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 113, 139 (2d. Cir. 2000) (internal quotations omitted).  Allowing Plaintiff to maintain Sysco II, as a means to obtain discovery of matters at issue in Sysco I and which could have been pursued in Sysco I, should not be permitted because doing so (1) wastes the resources of the Court; (2)  subjects Sysco to duplicative discovery; and (3) sends the message that litigants will be permitted to game the system.  Sysco II is duplicative of Sysco I and Plaintiff can articulate no legitimate justification for maintaining two separate but identical actions.  Sysco II should be dismissed in the interests of fairness and judicial economy.

Second, the Sysco II action should be dismissed under the rule against claim splitting.  The Sysco II lawsuit unlawfully splits an identical cause of action that is already being litigated in the Sysco I action.  In addition to fairness, judicial economy, res judicata, collateral estoppel and other practical considerations, this Court should dismiss Sysco II since Plaintiff  has no right to maintain two actions on the same subject in the same court with the same judge, against the same defendant at the same time.

Lastly, for practical purposes, Plaintiff cannot maintain two duplicative putative class actions.  Here, it is important to consider the practical legal issues that may arise because Plaintiff seeks to represent identical classes seeking

3

identical relief in Sysco I and Sysco II.  Plaintiff seeks to represent identical classes of persons who received any unsolicited fax advertisement from Sysco during the relevant time period.  Practically speaking, because Sysco I and Sysco II involve identical claims and identical parties, significant issues of res judicata and collateral estoppel are likely to arise if Plaintiff is permitted to maintain both actions.  There is no practical rationale under which Plaintiff should be permitted to maintain Sysco II.

Defendant Sysco contemporaneously files a memorandum of law in support of this Motion to Dismiss.

WHEREFORE, for the foregoing reasons, as more particularly set forth in the accompanying memorandum of law, Defendant Sysco Guest Supply, LLC respectfully requests the Court grant its Motion and dismiss the present action with prejudice.

Respectfully submitted,

/s/ Thomas C. Blatchley
Thomas C. Blatchley
Gordon & Rees LLP
95 Glastonbury Blvd., Ste. 206
Glastonbury, CT 06033
Phone: (860) 278-7448
Fax: (860) 560-0185
Email: tblatchley@grsm.com
*Attorneys for Defendant Sysco Guest Supply, LLC*

## CERTIFICATION OF SERVICE

I hereby certify that on August 28, 2018, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

BY /s/ Thomas C. Blatchley